# THE PRESBYTERIAN SOCIETY OF KNOXBORO, APPELLANT, *v.* JACOB BEACH, RESPONDENT.

*Subscription — for erection of church — payments to be made to treasurer to be appointed by subscribers — not enforceable by church corporation, created after subscription.*

APPEAL from a judgment entered upon an order setting aside the verdict of a jury and dismissing the complaint herein, and from an order denying a motion for a new trial, made upon a case and exceptions.

This action was brought to enforce a subscription by the defendant, of $250 for the purpose of erecting "a Presbyterian church edifice" in the village of Knoxboro.   The Presbyterians and Methodists had alternately occupied, for purposes of public worship, a building in that village belonging, so far as appears, not to any religious corporation or society, but to citizens of both persuasions.   Most of the persons of the Presbyterian denomination belonged to, or were members of the Presbyterian society at Augusta Center, a neighboring village.   The defendant, with many other subscribers, was a member of the Methodist church, and the project of building a Presbyterian church edifice, seems to have been founded on the understanding, that those persons of the Presbyterian persuasion who were interested in the ownership of the building which had theretofore been occupied by the two denominations, should relinquish all their right and title therein to the Methodists, and an express written condition to that effect accompanied the subscription.   The difficulty in complying with this condition, or the delay likely to be occasioned by a compliance with it, seems to have led to a misunderstanding between the two denominations, and after some negotiation on the subject, between committees of the two denominations, the Presbyterians proceeded to erect a church edifice on ground and according to plans of their own selection.   The defendant, amongst others, protesting that he would not pay his subscription.

The contract (subscription) on which the action was brought, was in the following form :

" We, the undersigned subscribers, believing that the erection of a church edifice in the village of Knoxboro is required for the promotion of both the convenience and benefit of the inhabitants of said village and vicinity, hereby agree to pay the sums set opposite our respective names to a treasurer to be appointed by us, for the purpose of building a Presbyterian church edifice in said village of Knoxboro, payable, one quarter on each of the following days, viz., 1st April, 1st July, 1st October, 1872, and 1st January, 1873 ; provided the sum of $6,000 is subscribed, otherwise our subscriptions are not binding."

Dated Knoxboro, New York, 4th March, 1872.

To this paper, numerous names purported to be subscribed, for

various amounts, and amongst others that of the defendant for $250. Neither the subscription nor the evidence in the case showed that at the time of the signing of the subscription the organization of any corporation was contemplated or expected. The plaintiff was not then in existence as a corporation. The preliminary meeting for the organization of the plaintiff as a corporation was not held until the tenth of April.

The court at General Term say : " The first question which naturally presents itself is, upon what principle can the plaintiff maintain any action to recover the subscription by the defendant ?

" The contract is not with the plaintiff or any of its officers, or in any manner for its use. The contract is to pay a treasurer to be appointed by the subscribers, not the treasurer of the plaintiff, in whose election or appointment the defendant and many other subscribers could have no voice. Assuming a treasurer to have been appointed by the subscribers, within the meaning of the subscription, he does not, as such, represent the plaintiff, and has not, in any manner, transferred the contract to the plaintiff. In the case of *The Reformed, etc., Church* v. *Brown* (24 How., 76), decided by the Commission of Appeals, stress was placed on the provisions of the statute by which a church corporation, when incorporated, is authorized to take possession of all the temporalities belonging to the church, whether given, granted or devised directly to the church, or to any other person for its use, and to take and recover all the debts, etc., belonging thereto, ' as fully and amply as if the right or title thereto had originally been vested in said trustees,' and in the opinion of the court it is said : ' The facts above stated do not show, nor is it expressly found by the referee, to or with whom the promise or agreement was made, but it does appear that it was made at the time of the formation of the society and that it was made by the subscribers. It will, therefore, in the absence of an express statement or finding, be presumed that it was a legal subscription, in and by which he, in some way, legally obligated himself to pay the sums subscribed for the use and benefit of the society. In all the other cases cited it appears that the subscription was made for the use and benefit of a particular society or corporation. In the present case, no such thing appears, or can be spelled out from the subscription paper, nor can it be inferred from

any evidence in the case; we are, therefore, of the opinion that the plaintiff has no title to the subscription, conceding that in other respects it was valid and enforceable as a binding contract to pay the sums subscribed. (See *Van Rensselaer* v. *Aikin*, 44 N. Y., 126.)

The order dismissing the complaint and the order denying a new trial are affirmed."

*John H. Knox*, for the appellant. *W. H. Bright*, for the respondent.

Opinion by TALCOTT, J.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Order dismissing complaint and order denying new trial affirmed.